AO-106 (Rev: 06/09)-Application for Search Warrant

**FILED**

# UNITED STATES DISTRICT COURT
for the
Northern District of Oklahoma

JUL 0 3 2024

Heidi D. Campbell, Clerk
U.S. DISTRICT COURT

In the Matter of the Use of a )
Cell-Site Simulator to )
Identify the Cellular Device Assigned )
Call Number **539-842-8195** )
)
)

Case No. 24-mJ-446-SH

**FILED UNDER SEAL**

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment "A"

located in the  Northern  District of  Oklahoma , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment "B"

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☐ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☑ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841(a)(1) and (841)(b)(1)(C) | Possession of Fentanyl with Intent to Distribute |

The application is based on these facts:
**See Affidavit of Michael O'Connor, attached hereto**. To ensure technical compliance with 18 U.S.C. §§ 3121-3127, the warrant will also function as a pen register order. I therefore certify that the information likely to be obtained is relevant to an ongoing criminal investigation conducted by DEA. *See* 18 U.S.C. §§ 3122(b), 3123(b).

- ☑ Continued on the attached sheet.
- ☑ Delayed notice of  30  days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*
Digitally signed by MANDY MACKENZIE
Date: 2024.07.02 14:41:57 -05'00'

Mandy M. Mackenzie, Assistant U.S. Attorney
*Printed name and title*

Subscribed and sworn to by phone.

Date: 7/3/24

City and state:  Tulsa, Oklahoma

*Judge's signature*

Susan E. Huntsman, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN THE MATTER OF THE USE OF A CELL-SITE SIMULATOR TO LOCATE THE CELLULAR DEVICE ASSIGNED CALL NUMBER 539-842-8195 | **FILED UNDER SEAL**<br><br>Case No. _____ |

### AFFIDAVIT IN SUPPORT OF
### AN APPLICATION FOR A SEARCH WARRANT

I, Michael O'Connor, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 to authorize law enforcement to employ an electronic investigative technique, which is described in Attachment B, to determine the location of the cellular device assigned call number **539-842-8195**, (the **"TARGET CELLULAR DEVICE"**), which is described in Attachment A.

2. I am a Special Agent/Deputy with the U.S. Marshals Service and have been since June 18, 2018. I am a federal law enforcement officer as defined under Rule 41(a)(2)(C) and am authorized to request this search warrant because I am a government agent who is engaged in enforcing federal criminal laws and I am within the category of officers authorized by the Attorney General to request such a warrant. As a Deputy U.S. Marshal working on the Northern Oklahoma Violent

Crimes Taskforce, I routinely use internet and phone-based search warrants to assist in finding the location of Fugitives from Justice

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4. One purpose of applying for this warrant is to determine with precision the **TARGET CELLULAR DEVICE**'s location. However, there is reason to believe the **TARGET CELLULAR DEVICE** is currently located somewhere within this district because KAYLA DAWN OTT has posted photographs multiple times on social media with friends and family in the Northern District of Oklahoma in the past 30 days. In addition, OTT'S family and two children reside in the Northern District of Oklahoma; OTT has been frequently seen in this district by family and friends, most recently at a pool party on June 23, 2024. Lastly, on June 25, 2024, I interviewed a known associate of OTT who stated that the mentioned photographs were taken on June 23, 2024. Additionally, the known associate stated OTT is known to reside in the Tulsa area, randomly moving to different locations within the Northern District of Oklahoma. Pursuant to Rule 41(b)(2), law enforcement may locate the **TARGET CELLULAR DEVICE** outside the district provided the device is within the district when the warrant is issued.

5. Based on the facts set forth in this affidavit, there is probable cause to believe that OTT is avoiding capture. There is also probable cause to believe that the identity of the **TARGET CELLULAR DEVICE** will constitute evidence of the avoidance and provide the U.S. Marshals Service Deputies with important location data.

6. Based on the facts set forth in this affidavit, there is probable cause to believe that OTT is the subject of an outstanding federal arrest warrant issued on April 16, 2024, that she is actively trying to evade There is also probable cause to believe that the **TARGET CELLULAR DEVICE**'s location will assist law enforcement in arresting OTT, who is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

7. Because collecting the information authorized by this warrant may fall within the statutory definitions of a "pen register" or a "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), this warrant is designed to comply with the Pen Register Statute as well as Rule 41. See 18 U.S.C. §§ 3121-3127. This warrant therefore includes all the information required to be included in a pen register order. See 18 U.S.C. § 3123(b)(1).

## PROBABLE CAUSE

8. The United States Marshals Service Deputies are conducting a criminal investigation involving KAYLA DAWN OTT; specifically, her physical location to serve an existing federal arrest warrant for an April 15, 2024, Grand Jury Indictment

on case number 24-CR-0120-01-JDR, for Distribution of Fentanyl, in violation of 21 U.S.C.§§ 841(a)(1) and 841(b)(1)(c).

9. Shortly after the issuance of the Indictment, OTT's co-defendant, Kyle Davis was arrested. I am currently tasked with finding and apprehending OTT on her outstanding arrest warrant. The purpose of my investigation is to serve the arrest warrant and take OTT into custody.

10. OTT has been a fugitive from justice, changing her phone number and address(es) to avoid being located. On April 22, 2024, U.S. Marshals went to the last known address for OTT at 6224 South 42nd Avenue in Tulsa, Oklahoma, and discovered that OTT no longer lived there. That same day, Marshals attempted an alternative address used by OTT, 3411 West 48th Street in Tulsa, with no success. Marshals tried that again on May 23, 2024, and OTT was not there.

11. I located friends, family members, and known associates of OTT. During an interview with a family member of OTT's, I learned this person regularly communicates with OTT. This person revealed that OTT was using the phone number **539-842-8195** to communicate with her on June 24, 2024, via text message.

12. Through my investigation, I have learned that **539-842-8195** is serviced by Verizon and OTT has utilized this phone number for several months according to the family member.

13. On June 25, 2024, I personally viewed the text message communications with OTT. The name in the text message screen on the family member's phone

stated "Kayla Ott." I viewed text messages as recent as June 24, 2024. One text message sent to OTT included my business card.

14. Within an hour of my business card being sent and speaking with OTT's family member, OTT took down her Facebook page and deleted all Facebook data, photos, and posts. This supports the theory that OTT is trying to evade capture.

15. I believe OTT still has the cellphone with the number **539-842-8195** on person and using it to communicate with family and friends.

16. I believe by monitoring **539-842-8195** we will be able to find OTT and serve her with the outstanding federal arrest warrant. By using the general vicinity information received from a PING search warrant (that was filed simultaneously with this search warrant), we would be able to then utilize the cell-site simulator machine to identify OTT's more precise location. The cell-site simulator machine would only be used as long as necessary to identify OTT's location and its use would be limited to an area narrowed down by the PING information.

## MANNER OF EXECUTION

17. In my training and experience, I have learned that cellular phones and other cellular devices communicate wirelessly across a network of cellular infrastructure, including towers that route and connect individual communications. When sending or receiving a communication, a cellular device broadcasts certain signals to the cellular tower that is routing its communication. These signals include a cellular device's unique identifiers.

18. To facilitate execution of this warrant, law enforcement may use an investigative device or devices capable of broadcasting signals that will be received by the **TARGET CELLULAR DEVICE** or receiving signals from cellular devices, including the **TARGET CELLULAR DEVICE**. Such a device may function in some respects like a cellular tower, except that it will not be connected to the cellular network and cannot be used by a cell phone to communicate with others. The device may send a signal to the **TARGET CELLULAR DEVICE** and thereby prompt it to send signals that include the unique identifier of the device. Law enforcement may monitor the signals broadcast by the **TARGET CELLULAR DEVICE** and use that information to determine the **TARGET CELLULAR DEVICE**'s location, even if it is located inside a house, apartment, or other building.

19. The investigative device may interrupt cellular service of phones or other cellular devices within its range. Any service disruption to non-target devices will be brief and temporary, and all operations will attempt to limit the interference with such devices. In order to connect with the **TARGET CELLULAR DEVICE**, the device may briefly exchange signals with all phones or other cellular devices in its range. These signals may include cell phone identifiers. The device will not complete a connection with cellular devices determined not to be the **TARGET CELLULAR DEVICE**, and law enforcement will limit collection of information from devices other than the **TARGET CELLULAR DEVICE**. To the extent that any information from a cellular device other than the **TARGET CELLULAR**

**DEVICE** is collected by the law enforcement device, law enforcement will delete that information, and law enforcement will make no investigative use of it absent further order of the court, other than distinguishing the **TARGET CELLULAR DEVICE** from all other cellular devices.

## AUTHORIZATION REQUEST

20. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41. The proposed warrant also will function as a pen register order under 18 U.S.C. § 3123.

21. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days from the end of the period of authorized surveillance. This delay is justified because there is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the **TARGET CELLULAR DEVICE** would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and continue to flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). There is reasonable necessity for the use of the technique described above, for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

22. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the **TARGET CELLULAR DEVICE** outside of daytime hours.

23. A search warrant may not be legally necessary to compel the investigative technique described herein. Nevertheless, I hereby submit this warrant application out of an abundance of caution.

Respectfully submitted,

**Michael O'Connor**
Special Agent / Deputy
U.S. Marshals Service

Subscribed and sworn to before me, by telephone on __3rd__ July, 2024.

SUSAN E. HUNTSMAN
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A

This warrant authorizes the use of the electronic investigative technique described in Attachment B to identify the location of the cellular device assigned phone number **539-842-8195**, whose wireless provider is **Verizon** Wireless, and whose listed subscriber is KAYLA DAWN OTT (the "**TARGET CELLULAR DEVICE**").

## ATTACHMENT B

Pursuant to an investigation of Kayla OTT to serve an outstanding federal arrest warrant for a violation of 21 U.S.C.§§ 841(a)(1) and 841(b)(1)(c) Distribution of Fentanyl, this Warrant authorizes the officers to whom it is directed to determine the location of the **TARGET CELLULAR DEVICE** by collecting and examining:

1. radio signals emitted by the **TARGET CELLULAR DEVICE** for the purpose of communicating with cellular infrastructure, including towers that route and connect individual communications; and

2. radio signals emitted by the **TARGET CELLULAR DEVICE** in response to radio signals sent to the cellular device by the officers;

for a period of thirty days, during all times of day and night. This warrant does not authorize the interception of any telephone calls, text messages, other electronic communications, and this warrant prohibits the seizure of any tangible property. The Court finds reasonable necessity for the use of the technique authorized above. *See* 18 U.S.C. § 3103a(b)(2).